1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10

11   SANDRA PARZIALE,                    Case No.: CV 21-1803 CBM(JEMx)
12            Plaintiff,
                                         **ORDER RE: MOTION TO**
13   vs.                                 **DISMISS [DKT. 35.]**
                                                                 JS-6
14   PATRICK NELSON, *et al*.,
15            Defendants.

16          The matter before the Court is Defendants Patrick Nelson and Nelson

17   Partners' ("Defendants" or "NP Defendants") Motion to Dismiss.  (Dkt. 35.)

18   Plaintiff Sandra Parziale filed an Opposition and Defendants filed a Reply.  (Dkt.

19   37, 38.)

20                              **I. BACKGROUND**

21          Plaintiff, Co-Trustee of the Parziale Family Trust, filed this action

22   individually and on behalf of the proposed Class Members (the "Investors"), who

23   purchased or otherwise acquired beneficial interests in the NP SkyLoft DST, a

24   Delaware statutory trust (the "Trust"), to recover approximately $75.5 million.

25   (Dkt. No. 1 (Compl.) ¶ 12.)  The Parziale Family Trust invested $525,237.10,

26   including a $6,484.40 broker credit, in the Trust.  (Compl. ¶ 12.)

27          Defendant NP Skyloft JV LLC is the Signatory Trustee and Managing

28   member of the Trust (the "Trustee").  (Compl. ¶¶ 13, 14.)  Nelson Partners

                                          1

sponsored an offering interest ("Interests") in NP SkyLoft through a confidential Private Placement Memorandum ("PPM").  The Nelson Partners allegedly promised investors that the Trust would acquire a high-rise, student-housing apartment complex, known as SkyLoft (the "Trust Property"), located near the University of Texas at Austin.  (Compl. ¶ 3.)

This Court denied Plaintiff's *Ex Parte* Application for a Temporary Restraining Order (the "TRO") because it found that Plaintiff established neither a likelihood of success on the merits nor a likelihood of suffering irreparable harm without injunctive relief.  (Dkt. 25.)

Nelson Defendants now move to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(b)(7), 9(b), and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4., on the grounds that the Complaint fails to state a claim upon which relief can be granted, fails to join a necessary and indispensable party, and fails to plead with particularity allegations sounding in fraud.

## II. JURISDICTION

The Court has jurisdiction over this action pursuant to § 27 of the Securities Exchange Act of 1934 (the "Exchange Act").

## III. LEGAL STANDARD

Pursuant to Rule 12(b)(7), a defendant may move to dismiss a complaint for failure to join an indispensable party under Rule 19.  Fed. R. Civ. P. 12(b)(7).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This requirement is satisfied when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  When considering motions to dismiss, courts accept all facts alleged in the complaint as

true, construe the pleadings in the light most favorable to the nonmoving party, and draw all reasonable inferences in favor of the plaintiff. *Ass'n for Los Angeles Deputy Sheriffs v. Cty. of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. (citations and punctuation omitted). "Dismissal is proper under Rule 12(b)(6) if it appears beyond doubt that the non-movant can prove no set of facts to support its claims." *Id.* (quoting *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004)).

In addition, where a complaint alleges fraud, a plaintiff must also satisfy the heightened pleading standards required by Rule 9(b). Rule 9(b) requires the plaintiff to state with the particularity the circumstances constituting fraud, including the "who, what, when, where, and how" of the charged misconduct. *Vess v. Ciba Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "As with Rule 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice." *Id*. at 1107 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). "Under Rule 9(b), falsity must be pled with specificity, including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Jackson v. Fischer*, 2013 WL 6732872 at *8 (N.D. Cal. 2013) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)). "In addition, the plaintiff must do more than simply allege the neutral facts necessary to identify the transaction; he must also explain why the disputed statement was untrue or misleading at the time it was made." *Id*.

## IV. DISCUSSION

### A.     Joinder Pursuant to 12(b)(7)

Defendants argue Plaintiff's Complaint must be dismissed because NP SkyLoft DST (the "Trust") is a necessary party and Plaintiff failed to join the Trust. Defendants further argue that Plaintiff failed to join the Trust because

claims arising out of the Trust are subject to arbitration and waiver of legal rights provisions.  Plaintiff asserts the Trust is not an indispensable party because Plaintiff's can obtain relief against Defendants without joining the Trust.

Federal Rule of Civil Procedure 12(b)(7) permits a party to move for dismissal for failure to join a party recognized as indispensable.  Fed. R. Civ. P. 12(b)(7); *Quileute Indian Tribe v. Babbitt*, 18 F.3d 1456, 1458 (9th Cir. 1994). Rule 19 "governs compulsory party joinder in federal district courts." *EEOC. v. Peabody W. Coal Co.*, 400 F.3d 774, 778 (9th Cir. 2005).  When determining whether dismissal is appropriate under Rule 12(b)(7), the court undertakes a three-step inquiry. *Jamul Action Comm. v. Simermeyer*, 974 F.3d 984, 996 (9th Cir. 2020).  The court first determines whether an absent party is a necessary party. *Id.* If the absent party is necessary, the court must determine whether joinder is "feasible." *Id.*  If joinder is not "feasible," the court must determine "whether the absent party is 'indispensable,' i.e., whether in 'equity and good conscience,' the action can continue without the party." *Id.*; *see* Fed. R. Civ. P. 19(b).  "The inquiry is a practical one and fact specific and is designed to avoid the harsh results of rigid application." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990) (citations omitted).

### 1.    Necessary Party

Defendants assert complete relief cannot be accorded without naming the Trust as a party because the Trust made the alleged misrepresentations or omissions arising out of the PPM and Supplement PPM of which Defendants are not a party to.  Defendants also assert that the Trust is a necessary party because it has claimed an interest by being a party in the pending Texas District Court case, *NP Skyloft DST, et al. v. Burgundy 523 Offshore Fund, LTD, et al.*, No. D-1-GN-21-000097, wherein the Trust is currently contesting the purported sale of the Trust Property.

Necessary persons for purposes of Rule 19's mandatory joinder rule are persons who are subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction,[1] who "hav[e] an interest in the controversy, and who ought to be made parties, in order that the court may act." *Peabody W. Coal Co.*, 400 F.3d at 779; Fed. R. Civ. P. 19(a).

Defendants rely on *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1157 (9th Cir. 2002), for the proposition that "a party to a contract is necessary, and if not susceptible to joinder, indispensable to litigation seeking to decimate that contract." In *Dawavendewa*, the plaintiff sought injunctive relief to ensure his employment at SRP and to prevent SRP from employing the Navajo hiring preference policy required by SRP's lease with the Navajo Nation. *Id.* at 1155. In finding that the Nation was a necessary party pursuant to Rule 19(a)(1) (because a favorable ruling for plaintiff would only bind SRP and plaintiff, and the Nation could still attempt to enforce the lease provision in a tribal court), the Circuit noted that the Nation was a necessary party pursuant to Rule 19(a)(2) because the Nation had an "interest relating to the subject of the action" since the Nation "bargained for the lease provision requiring SRP to maintain a Navajo hiring preference policy." *Id.* at 1157.

Plaintiff contends that the Trust has not claimed an interest[2] and relies on *STMicroelectronics v. Credit Suisse Group*, 775 F. Supp. 2d 525, 544 (E.D. N. Y. 2011). In *STM*, the defendant moved to dismiss for failure to join its subsidiary, Credit Suisse Securities ("CSS"). In finding that CSS was not a necessary party,

---

[1] There is no indication that the Trust is not subject to service of process, or that joinder of the Trust will deprive this Court of subject matter jurisdiction. Since Plaintiff asserts federal claims, the Court has federal question jurisdiction.

[2] Plaintiff also argues that the Trust is "judgment proof" because Defendants sold the Trust Property. The legitimacy of the sale of the Trust property is currently being litigated in another district court. *NP Skyloft DST, et al. v. Burgundy 523 Offshore Fund, LTD, et al.*, No. D-1-GN-21- 00009.

the court noted that it "cannot conceive of any interest of CSS that may 'as a practical matter [be] impair[ed] or impede[d]' should this lawsuit proceed in its absence" because the arbitration proceedings involving CSS are complete, and the amount of compensatory damages under Section 10(b) has been fully litigated. *Id.* at 543-44. The court also found that there was "little danger of CSS being bound by findings made in its absence." *Id.* at 544. In contrast, the Trust Property is the subject of pending litigation in a suit in which the Trust is currently a named party and thus, *STM* is not persuasive.

The crux of Plaintiff's Complaint alleges that the Supplemental PPM, between the Trust and Plaintiff, failed to inform Plaintiff of the existence of the JV LLC Agreement between the Axonic Defendants and the Nelson Defendants (specifically Defendant NP Skyloft Equity, LLC, which is one of the three Nelson Defendants) and the possibility of the sale of the Trust Property. Thus, the Trust has an "interest relating to the subject of the action," and any adverse finding (violations of security laws) may result in the Trust being "bound" by the findings of the court and may impede the Trust's ability to protect that interest. Therefore, Defendants met their burden of demonstrating that the Trust is a necessary party pursuant to Rule 19(a)(2).

### 2. Feasibility

Defendants argue joinder of the Trust is not feasible as any dispute arising out of or relating to the sale of beneficial interests in the Trust are subject to a binding arbitration provision.

Rule 19(a) sets forth three circumstances in which joinder is not feasible: "when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction." *Peabody W. Coal Co.*, 400 F.3d at 779.

Here, the Trust is a Delaware statutory trust. The Trust is subject to personal jurisdiction and venue is proper in this Court because Plaintiff alleges the false or

misleading statements were made in or issued from this district.  However, claims against the Trust are subject to a binding arbitration provision.  *LST Fin., Inc. v. Four Oaks Fincorp, Inc.*, No. SA-14-CV-435-XR, 2014 U.S. Dist. LEXIS 100812, at *11 (W.D. Tex. July 24, 2014) (joinder is infeasible because plaintiff could compel arbitration of the claims); *Corsi v. Eagle Publ'g, Inc.*, No. 1:07-cv-02004-ESH, 2008 U.S. Dist. LEXIS 6257, at *14-15 (D.D.C. Jan. 30, 2008) (dismissing claims because an arbitration provision made joinder of a necessary party infeasible).  Therefore, the Court finds that joinder is not feasible.

### 3.     Indispensable Party

Because joinder is not feasible, the court must next determine whether the action can proceed without the Trust, or whether the Trust is an "indispensable party" such that the action must be dismissed.  *Peabody W. Coal Co.*, 400 F.3d at 779.  In making a determination as to whether a party is indispensable, the factors for the court to consider include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>> (A) protective provisions in the judgment;
>> (B) shaping the relief; or
>> (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Ferrer v. Hollywood for Children, Inc.*, No.: 2:17-CV-7318-CBM-FFM, 2018 U.S. Dist. LEXIS 225866, at *6 (C.D. Cal. Mar. 14, 2018).

As to the first factor and as noted above, the Trust has an interest in the subject matter of this action and its interest may be harmed if the Trust is not

joined. *Faunce v. Bird*, 210 F.R.D. 725, 729 (D.C. Ore. 2002).  Therefore, the first factor weighs in favor of dismissal.  *Id.*  Next, as to the second and third factors, Plaintiff seeks relief based on the alleged misrepresentations and failure to disclose material facts arising from a contractual agreement between the Plaintiff and the Trust.  The Trust is the entity that sold the investments to Plaintiff (the investor) and delivered the actual securities.  A meaningful judgment cannot be fashioned on Plaintiff's claims that will not affect the Trust's interest.  *Id.*  Thus, the second and third factors weigh in favor of dismissal.  Lastly, since there is at least one other lawsuit where the Trust is a party, Plaintiff has an adequate remedy at law.

Based on the foregoing, the Court concludes "in equity and good conscience," this action should not proceed without the Trust.  Because the Trust is a necessary party, the Court does not address Defendants' Rule 12(b)(6), 9(b) and PSLRA arguments.

## V. CONCLUSION

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss for failure to join an indispensable party and dismisses this action.

**IT IS SO ORDERED.**

DATED: September 17, 2021

_____
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE